PEOPLE V MUHAMMAD, No. 150119; Court of Appeals No. 317054. On October 15, 2015, the Court heard oral argument on the application for leave to appeal the July 29, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we vacate the Court of Appeals judgment and remand this case to that court for reconsideration. The Court of Appeals erred by applying harmless error analysis without first determining whether the trial court's order dismissing the habitual offender notice was erroneous. See MCR 2.613(A) (stating that a judgment or order of the court may not be vacated, modified, or otherwise disturbed "unless refusal to take this action appears to the court inconsistent with substantial justice"). The prosecutor has conceded that it did not timely serve the habitual offender notice under MCL 769.13. On remand, we direct the Court of Appeals to determine whether the trial court erred by concluding that the proper remedy for the prosecutor's statutory violation was dismissal of the habitual offender notice. See *In re Forfeiture of Bail Bond*, 496 Mich 320 (2014). We do not retain jurisdiction.

*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal Entered October 30, 2015:*

PEOPLE V DOUGLAS, No. 150789; Court of Appeals No. 315027. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether *People v Lockridge*, 498 Mich 358 (2015), by rendering the sentencing guidelines advisory and/or by employing a remedy that does not mandate resentencing, affects (1) whether a defendant can be afforded relief for an unpreserved meritorious challenge to the scoring of offense variables through a claim of ineffective assistance of counsel, see *People v Francisco*, 474 Mich 82, 89 n 8 (2006); and (2) the scope of relief, if any, to which a defendant is entitled when the defendant raises a meritorious challenge to the scoring of an offense variable, whether preserved or unpreserved, and the error changes the applicable guidelines range, whether the defendant's sentence falls within the corrected range or not. See *id.* at 89-90; see also *People v Kimble*, 470 Mich 305, 310 (2004). The parties should not submit mere restatements of their application papers.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.